**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **ARIZONA PUBLIC SERVICE COMPANY**<br><br>Plaintiff,<br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Defendant. | Case No. 03-2832C<br><br>Judge Hodges |

**PLAINTIFF'S REPORT IN RESPONSE TO ORDER FOR PRE-DISCOVERY CONFERENCE IN NEW SNF CASES AND MOTION FOR TEMPORARY STAY**

Plaintiff, Arizona Public Service Company (for these purposes "APS"), respectfully submits the following report in response to the Court's Order regarding a pre-discovery conference for new SNF cases, filed April 14, 2004 (the "Pre-Discovery Order"), and moves for a temporary stay of this case.

As a threshold matter, APS wishes to emphasize that it does *not* presently desire to engage in affirmative or responsive discovery (coordinated or otherwise), or other active litigation such as substantive motions practice. This is because there is at least a reasonable chance that developments in other cases could render some or all of such activities unnecessary in this case, or at a minimum render such activities more efficient should they become necessary. The damages caused by the Government's breach of its contractual obligations regarding acceptance and disposal of spent nuclear fuel and high level waste are substantial. However, at this time, APS does not believe that adversarial litigation against the Government is a preferred option. Although APS was constrained to file this lawsuit in order to protect its rights to recover

the substantial damages to which it is entitled, it nevertheless desires to prosecute its case in the most efficient and economical manner possible.

The Government has not yet filed in this lawsuit a "Motion to Stay all Proceedings or, in the Alternative, for Coordinated Discovery Regarding Rate and Schedule Issues" ("Motion to Stay").[1] In conversations with Government counsel regarding this lawsuit prior to issuance of the Pre-Discovery Order, however, the Government indicated an intent to file such a motion. Indeed, the Government cited such discussions in seeking and receiving extensions of the time to respond to the complaint. Counsel for APS conveyed its general agreement to a modest stay. Because no stay motion has yet been filed by either party, APS respectfully requests one at this time.

APS does not, however, necessarily concur with the request that the Government has made in other cases for an indeterminate stay until "final ruling" (which of course could include appellate rulings or even proceedings after remand) of the three "lead" cases identified by the Government in its Motion to Stay.[2] It is certainly possible that further developments—in the three lead cases in which trial dates have been set or otherwise—could provide efficiencies in connection with the prosecution of the claims asserted in this case. It is equally possible, however, that proceedings in those three cases could unfold in such a way that it becomes clear that efficiencies in this case would not be gained by awaiting final resolution, particularly given that APS believes that this case may differ in significant respects from some or all of the three

[1] The Government filed its answer to APS's complaint on March 17, 2004. In accordance with Appendix A, Section III.4, of the Rules of the Court of Federal Claims, the parties are due to file a Joint Preliminary Status Report by May 5, 2004.

[2] The three "lead" cases cited by the Government in its Motion to Stay are *Yankee Atomic Power Company v. United States*, No. 98-126C (Senior Judge Merow), *Indiana Michigan Power Co. v. United States*, No. 98-486C (Judge Hodges), and *Commonwealth Edison Co. v. United States*, No. 98-621C (Judge Hewitt).

cases identified by the Government. For example, APS's complaint involves operating nuclear power plants at the single Palo Verde Nuclear Generating Station nuclear site, as compared to the multiple nuclear sites in *Commonwealth Edison Co.*, No. 98-621C, and the permanently shutdown nuclear power plants in *Yankee Atomic Power Company*, No. 98-126C. Further, as APS has already constructed an on-site dry storage facility, and is already loading casks and operating that facility, this case may not involve many of the complexities regarding assessment of future damages that are presented in some of the "lead" cases, including *Indiana Michigan Power Co.*, No. 98-486C. For these and other reasons, this case may well *not* implicate many of the issues that will likely drive the damages proceedings in the three "lead" cases cited in the Government's motion, and some flexibility regarding a stay based upon those cases is therefore appropriate. In order to allow for these various possibilities in a reasonable manner, APS suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings.

In accordance with the Court's Pre-Discovery Order, APS submits the following information regarding its discovery plans and objectives:

1. *The nature and scope of discovery needed to respond to the Government's standard dispositive motion on the rate of acceptance*: The Government has not yet filed a dispositive motion on the rate of acceptance in this lawsuit, and, indeed, extensive discovery and motions practice on such issues are precisely the sort of costly, time consuming, and resource-intensive activities that APS would desire to avoid, if possible. In *Indiana Michigan* this Court, per Judge Hodges, definitively rejected the Government's position asserted in its "standard dispositive motion on the rate of acceptance." There the Court held as a matter of law that, after

commencement of performance in 1998 and a ramp up period, DOE would have "continued performance pursuant to the Standard Contract at a minimum rate of 3000 tons [per year] thereafter." *Indiana Michigan Power Co. v. United States*, 57 Fed. Cl. 88, 99 (2003). That is the position of APS. Respectfully, requiring APS to undertake costly activities in order merely to secure an identical ruling from Judge Hodges in this case is not sensible. Moreover, an appellate ruling, or further rulings from judges on this Court who are presiding over cases where such issues are ripe, could definitively confirm that such motions and discovery are unwarranted.

Nevertheless, if the Government were to file such a dispositive motion in this case and APS be compelled to respond, APS anticipates that it would, to the extent practicable, take advantage of discovery, including depositions, previously provided in the older spent fuel cases on related issues in order to respond to the motion. In such a scenario, the obvious first step would be for APS to acquire and review the existing discovery record, but, beyond that, it is not possible at this time for APS to identify more specific formal discovery plans or schedules on this issue. APS respectfully suggests that it would be premature to require it to do so now.

2. *Circumstances that may affect the timing of discovery or trial*: As noted above, APS currently believes that possible developments in older spent fuel cases may affect the timing of discovery or trial. APS does not believe that it is prudent in this case for the parties to pursue active litigation in the short term. In order to allow in a reasonable manner for possible efficiencies due to developments in the older spent fuel cases, APS recommends that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability of a continued stay or, if appropriate, recommendations for further proceedings including additional discovery.

3. *Whether discovery provided in prior cases on the same issues would apply*: Again, and depending upon how matters unfold in the future in the other pending cases, APS believes that there is some reasonable chance that much, if not all, of the discovery taken in the older cases may not be necessary for this case. Assuming, however, that there was some need for development of a factual record on such issues in this case, APS does not now know whether discovery, including depositions, previously provided in the older spent fuel cases would suffice for purposes of this lawsuit. APS understands that an extensive discovery record was developed in those older cases and APS would anticipate, to the maximum extent practicable, making use of that discovery. However, as APS does not yet have access to that material (and the Government has not yet stated when or how it plans to provide such access) it is simply not possible at this time for APS to commit to forego the independent discovery rights to which it is entitled under the Rules.

4. *Additional responses to the issues raised in defendant's Motion to Stay or Coordinate Discovery*: APS suggests that it provide Judge Hodges with an update of its discovery plans and schedules in the status report that it proposes to file in six months as part of the recommended temporary stay. This additional time will enable APS to assess the Government's proposed plans regarding access to and use of existing discovery materials, which are to be provided as part of the Government's response to this Pre-Discovery Order, and allow for the parties and the Court to assess any developments in other cases that may impact APS's discovery requirements.

**CONCLUSION**

For the reasons described above, APS believes it is unnecessary and premature for the

Court, at this time, to develop or implement any formal coordinated discovery plans. Instead, APS suggests that a temporary stay be entered, and that the parties be directed to file a status report in six months regarding the desirability for a continued stay or, if appropriate, recommendations for further proceedings.

April 23, 2004

s/ Brad Fagg

Brad Fagg (Counsel of Record)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 Telephone
(202) 739-3001 Facsimile

Of Counsel:

Paul M. Bessette
MORGAN, LEWIS & BOCKIUS LLP

Attorneys for Plaintiff
Arizona Public Service Company

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 23rd day of April, 2004, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette