A

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| [UTILITY], | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. XX-XXXC |
| v. | ) | (Judge xxxx) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

STIPULATED ORDER GOVERNING REVIEW OF THE DEPARTMENT OF ENERGY'S ELECTRONIC "RECORD INFORMATION SYSTEM" DATABASE

Upon stipulation of the parties,

IT IS ORDERED that discovery in this action relating to the Department of Energy's electronic "Record Information System" database be governed by the following:

1. This order extends to any type of privilege or protection claimed, although no party at this time necessarily agrees to any other party's interpretation or scope of any privilege or other protection that may be asserted.

2. Each party reserves the right to challenge the assertion, interpretation, or scope of any privilege or other protection claimed by the other party.

3. The parties have agreed that plaintiff in this litigation will be allowed to search electronically for documents relevant to the issues in this case that are currently maintained in an electronic database maintained by the Department of Energy called the Records Information System ("RIS"). By allowing plaintiff in this litigation access to the RIS, defendant will

not be considered to have waived any privilege or protection applicable to any document or information contained in or upon that database. After plaintiff in this litigation reviews documents contained in or upon the RIS and identifies those documents contained therein that it wishes defendant to produce in this litigation, defendant will be entitled to review those documents and withhold from physical production any documents that it deems privileged or subject to protection. Any such documents withheld will be identified on a privilege log. This agreement will not affect plaintiff's rights to challenge defendant's assertion of privilege or protection, except that plaintiff will not be entitled to assert that defendant has waived any privilege or protection by allowing plaintiff access to the RIS.

4. Nothing in this order shall prohibit a party from withholding from review and/or production any document covered by any privilege(s) or protection.

IT IS SO ORDERED.

Judge XXXXXXXXX

July __, 2001

# In the United States Court of Federal Claims

RECEIVED
2003 FEB 14 P 1:42
OFFICE OF MGMT INFORM.
CIVIL DIVISION

(Filed February 13, 2002)

FILED
FEB 13 2002
U.S. COURT OF FEDERAL CLAIMS

YANKEE ATOMIC ELECTRIC COMPANY
CONNECTICUT YANKEE ATOMIC POWER COMPANY
MAINE YANKEE ATOMIC POWER COMPANY
FLORIDA POWER & LIGHT COMPANY
NORTHERN STATES POWER COMPANY
DUKE POWER, A Division of DUKE ENERGY CORP.
INDIANA MICHIGAN POWER COMPANY
SACRAMENTO MUNICIPAL UTILITY DISTRICT
SOUTHERN NUCLEAR OPERATING COMPANY, et al.
COMMONWEALTH EDISON COMPANY
BOSTON EDISON COMPANY
GPU NUCLEAR, INCORPORATED
WISCONSIN ELECTRIC POWER COMPANY
POWER AUTHORITY OF THE STATE OF NEW YORK
OMAHA PUBLIC POWER DISTRICT
NEBRASKA PUBLIC POWER DISTRICT
TENNESSEE VALLEY AUTHORITY

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

Case Nos. 98-126C, 98-154C, 98-474C, 98-483C, 98-484C, 98-485C, 98-486C, 98-488C, 98-614C, 98-621C, 99-447C, 00-440C, 00-697C, 00-703C, 01-115C, 01-116C, 01-249C

UNCONSOLIDATED

Judge Diane Gilbert Sypolt

Discovery Judge

## Order

As discussed at the status conference held on February 12, 2002, the parties shall make their best efforts to reach agreement on the procedure for

taking depositions pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims (RCFC) and, on or before February 19, 2002, shall report to the Court on the success of the negotiations. If agreement is not reached, defendant shall file a brief in support of its position with regard to the RCFC 30(b)(6) depositions on or before February 22, 2002, and plaintiff shall file its response on or before February 28, 2002.

Defendant's October 18, 2001 request to enter a proposed stipulated order governing the scheduling and conduct of depositions and defendant's February 11, 2002 unopposed motion for an enlargement of time of four days to exchange privilege logs are granted.

DIANE GILBERT SYPOLT*
Judge, U.S. Court of Federal Claims

---

* Appointed as Judge Diane Gilbert Weinstein.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) |
| OMAHA PUBLIC POWER DISTRICT | ) Judge Weinstein |
| NEBRASKA PUBLIC POWER DISTRICT | ) (Discovery Judge) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S FILING AND REQUEST FOR ENTRY OF THE PARTIES' PROPOSED STIPULATED ORDER GOVERNING THE SCHEDULING AND CONDUCT OF DEPOSITIONS**

Pursuant to the coordinated discovery order entered by the Court on September 26, 2001, defendant respectfully provides the proposed stipulated order governing the scheduling and conduct of depositions agreed to by the parties. The parties respectfully request that the Court enter this proposed order.

Respectfully submitted,

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 307-6288

Attorneys for Defendant

OF COUNSEL:

L. DOW DAVIS, IV
JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Ave., S.W.
Washington, D.C. 20585

October 18, 2001

# ATTACHMENT

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| YANKEE ATOMIC ELECTRIC COMPANY | ) |
| CONNECTICUT YANKEE ATOMIC POWER COMPANY | ) |
| MAINE YANKEE ATOMIC POWER COMPANY | ) |
| FLORIDA POWER & LIGHT COMPANY | ) |
| NORTHERN STATES POWER COMPANY | ) Case Nos. 98-126C, |
| DUKE POWER, A Division of DUKE ENERGY CORP. | ) 98-154C, 98-474C, |
| INDIANA MICHIGAN POWER COMPANY | ) 98-483C, 98-484C, |
| SACRAMENTO MUNICIPAL UTILITY DISTRICT | ) 98-485C, 98-486C, |
| SOUTHERN NUCLEAR OPERATING COMPANY, et al. | ) 98-488C, 98-614C, |
| COMMONWEALTH EDISON COMPANY | ) 98-621C, 99-447C, |
| BOSTON EDISON COMPANY | ) 00-440C, 00-697C, |
| GPU NUCLEAR, INCORPORATED | ) 00-703C, 01-115C, |
| WISCONSIN ELECTRIC POWER COMPANY | ) 01-116C, 01-249C |
| POWER AUTHORITY OF THE STATE OF NEW YORK | ) |
| OMAHA PUBLIC POWER DISTRICT | ) Judge Weinstein |
| NEBRASKA PUBLIC POWER DISTRICT | ) (Discovery Judge) |
| TENNESSEE VALLEY AUTHORITY, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**STIPULATED ORDER GOVERNING THE**
**SCHEDULING AND CONDUCT OF DEPOSITIONS**

In order to minimize the burden of multiple depositions upon the witnesses and the parties, and upon stipulation of the parties, it is hereby ordered that:

1. This order applies to depositions to be conducted pursuant to the coordinated discovery order entered by the Court on September 26, 2001. The depositions governed by this order concern the "schedule" issues identified by the parties in the joint motion for an order for coordinated discovery. The "Utility Plaintiffs" are the plaintiffs in these cases pending before the Court governed by that order.

2. Unless circumstances, including the availability of additional discovery or the testimony of the witness, warrant otherwise, no witness shall be deposed more than once in these coordinated discovery proceedings.

3. One attorney representing the United States and one attorney representing the Utility Plaintiffs, or their respective designees, shall be designated to coordinate the scheduling of the depositions of Government witnesses. Counsel representing the United States shall coordinate the scheduling of depositions of a utility's witnesses with counsel for that utility. Counsel for the utility shall be responsible for coordinating the scheduling with counsel for the other Utility Plaintiffs.

4. The coordinating attorneys for the Government and the Utility Plaintiffs shall attempt to agree upon the date and location for all depositions, upon consideration of the convenience of the witness and, to the extent possible, the convenience of all counsel involved. If, after good faith attempts, the coordinating attorneys cannot agree upon a date or location for a deposition, the coordinating attorneys shall notify counsel for all the parties that an impasse has been reached. Five business days after issuance of the notice of impasse, the party that intends to take the deposition may serve a notice for the witness to appear at a deposition, with no less than 14 calendar days notice. All notices of deposition must be served by facsimile as well as first class mail or hand delivery upon the coordinating attorney for the Government and counsel for the plaintiffs.

5. After a deposition or depositions are scheduled pursuant to the procedures outlined in paragraphs 3 and 4, notice will be sent to counsel for all the parties in the form of a letter, confirming the agreed upon date, time and location of the deposition. The parties agree

that such notice will allow counsel for all parties to participate in the deposition of the witness.

6. All notices of deposition and subpoenas for third parties must be served by facsimile as well as first class mail or hand delivery upon the coordinating attorney for the Government and counsel for the plaintiffs. The parties agree that such notice will allow counsel for all parties to participate in the deposition of the third party.

7. A single transcript shall be prepared of each deposition. The counsel for the party that is taking the deposition shall arrange for court reporting services, including, upon the request and at the expense of any other counsel involved, real time and video-taping capabilities.

8. Counsel for all the parties may attend a deposition and ask questions. Only one counsel may ask questions at a time, and all questions related to each case, including cross-examination and redirect, will occur before another counsel begins questioning the witness. A question may be asked of a single witness only once, except to the limited extent required to establish a predicate or framework for examination on a new topic or for more detailed examination of topics previously covered. Nothing contained herein shall prevent any party from asking questions to follow up regarding a previous answer to a question.

9. The Department of Justice will accept service of notices of deposition of any current employee of the Executive Branch and any current contractor personnel on the current support contract for the Office of Civilian Radioactive Waste Management ("OCRWM"). Prior to serving any notice of deposition or subpoena upon a former Government employee or former OCRWM contractor personnel, plaintiffs' counsel shall contact counsel for the Government to determine whether the Department of Justice will accept service upon behalf of the former Government employee or contractor employee. The Department of Justice will respond to any

such request within 10 business days and confirm that: a) the Department will accept service on behalf of the former Government or contractor employee; b) the former Government or contractor employee has either declined or not yet requested representation by the Department and, therefore, may be personally served; or c) the Department has been unable to locate the former Government or contractor employee. If the Department has been unable to contact the former employee or if the former employee has declined to request representation by the Department, and the plaintiffs have insufficient independent information to enable the plaintiffs to contact the former employee, and absent good cause shown, the defendant will consent to a court order allowing the release of any information in the possession of the Civil Division of the Department of Justice, the Department of Energy, and the Office of Personnel Management concerning the location of the former employee, subject to an appropriate protective order limiting the use of any information provided to discovery in these coordinated discovery proceedings. Nothing in this order affects in any way applicable regulations concerning contacts with current or former Government employees.

10. Counsel for a plaintiff will accept service of notices of deposition of any current employee of that plaintiff, its subsidiaries, or its corporate affiliates. Prior to serving any notice of deposition or subpoena upon a former employee of a plaintiff, Government counsel shall contact counsel for that plaintiff to determine whether that plaintiff's counsel will accept service upon behalf of the former employee. Counsel for the plaintiff will respond to any such request within ten business days and confirm that: a) counsel will accept service upon behalf of the former employee; b) the former employee has either declined or not yet requested representation by plaintiff's counsel and, therefore, may be personally served; or c) plaintiff or plaintiff's

counsel has been unable to locate the former employee. If plaintiff has been unable to contact the former employee or if the former employee has declined to request representation by the plaintiff, and the Government has insufficient independent information to enable the Government to contact the former employee, and absent good cause shown, the plaintiffs will consent to a court order allowing the release of any information in the possession of the plaintiffs concerning the location of the former employee, subject to an appropriate protective order limiting the use of any information provided to discovery in these coordinated discovery proceedings.

11. All counsel will endeavor to cooperate in resolving disputes concerning the scheduling and conduct of depositions.

Stipulated and agreed:

Alex D. Tomaszczuk
Shaw Pittman LLP
1650 Tysons Blvd
McLean, VA 22102
Tel: (703) 770-7940
Counsel of Record for Plaintiffs:
Boston Edison Company
Duke Power Company
Florida Power and Light Company
GPU Nuclear, Inc.
Indiana Michigan Power Company
Northern States Power Company
Power Authority of the State of New York
Omaha Public Power District
Nebraska Public Power District

ROBERT D. McCALLUM, JR.
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington D.C. 20530
Tele: (202) 307-6288

Counsel for Defendant

M. Stanford Blanton
Balch & Bingham, LLP
1710 Sixth Avenue North
Birmingham, AL 35203
Tel: (205) 251-8100
Counsel of Record for Plaintiff:
Southern Nuclear Operating Company, et al.

Richard C. Johnson
Jenner & Block
601 13th Street, N.W.
Suite 1200 South
Washington, D.C. 20005
Tel: (202) 639-6075
Counsel of Record for Plaintiff:
Commonwealth Edison Company

Jerry Stouck
Spriggs & Hollingsworth
1350 I Street, N.W., 9th Floor
Washington, D.C. 20005-3305
Tel: (202) 898-5839
Counsel of Record for Plaintiffs:
Yankee Atomic Electric Power Company
Connecticut Yankee Atomic Power Company
Maine Yankee Atomic Power Company

Richard W. Oehler
Perkins Coie LLP
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099
Tel: (206) 583-8419
Counsel of Record for Plaintiff:
Wisconsin Electric Power Company

Melvin C. Garbow
Arnold & Porter
555 12th Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5666
Counsel of Record for Plaintiff:
Sacramento Municipal Utility District

Peter K. Shea
Office of General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, TN 37902-1401
Tel: (865) 632-7319
Counsel of Record for Plaintiff:
Tennessee Valley Authority

SO ORDERED

October __, 2001

______________________________
Judge Diane Gilbert Weinstein
Discovery Judge

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 18th day of October, 2001, I caused to be served by facsimile and first class mail copies of "DEFENDANT'S FILING AND REQUEST FOR ENTRY OF THE PARTIES' PROPOSED STIPULATED ORDER GOVERNING THE SCHEDULING AND CONDUCT OF DEPOSITIONS," addressed as follows:

Counsel for:

Boston Edison Co. v. United States, No. 99-447C (Fed. Cl.) (Allegra, J.);
Duke Power Co. v. United States, No. 98-485C (Fed. Cl.) (Tidwell, S.J.);
Florida Light & Power Co. v. United States, No. 98-483C (Fed. Cl.) (Wilson, J.);
GPU Nuclear, Inc. v. United States, No. 00-440C (Fed. Cl.) (Bush, J.);
Indiana Michigan Power Co. v. United States, No. 98-429C (Fed. Cl.) (Hodges, J.);
Northern States Power Co. v. United States, No. 98-484C (Fed. Cl.) (Wiese, J.);
Power Authority of the State of New York v. United States, No. 00-703C (Fed. Cl.) (Damich, J.);
Omaha Public Power District v. United States, No. 01-115C (Bush, J.); and,
Nebraska Public Power District v. United States, No. 01-116C (Weinstein, J.):

ALEX D. TOMASZCZUK
Shaw Pittman
1650 Tysons Boulevard
McLean, Virginia 22102-4859

Counsel for:

Connecticut Yankee Atomic Power Co. v. United States, No. 98-154C (Fed. Cl.) (Merow, S.J.);
Maine Yankee Atomic Power Co. v. United States, No. 98-474C (Fed. Cl.) (Merow, S.J.); and
Yankee Atomic Electric Co. v. United States, No. 98-126C (Fed. Cl.) (Merow, S.J.):

JERRY STOUCK
Spriggs & Hollingsworth
1350 I Street, N.W.
Ninth Floor
Washington, D.C. 20005-3305

Counsel for:

Sacramento Municipal Irrigation District v. United States, No. 98-488C (Fed. Cl.) (Yock, S.J.):

MELVIN C. GARBOW
Arnold & Porter
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206

Counsel for:

Southern Nuclear Operating Co. v. United States, No. 98-614C) (Fed. Cl.) (Merow, S.J.):

M. STANFORD BLANTON
Balch & Bingham LLP
1710 Sixth Avenue North
Birmingham, Alabama 35203

Counsel for:

Wisconsin Electric Power Co. v. United States, No. 00-697C (Fed. Cl.) (Merow, S.J.):

RICHARD W. OEHLER
Perkins Coie LLP
1201 Third Avenue
40th Floor
Seattle, Washington 98101-3099

Counsel for

Commonwealth Edison Co. v. United States, No. 98-621C (Judge Hewitt):

RICHARD C. JOHNSON
Jenner & Block
601 Thirteenth Street, N.W.
Suite 1200 South
Washington, D.C. 20005

Counsel for:

Tennessee Valley Authority v. United States, No. 01-249C (Bruggink, J.)

PETER K. SHEA
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401