# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **ARIZONA PUBLIC SERVICE COMPANY,** | |
| **Plaintiff,** | |
| **v.** | No. 03-2832 |
| **UNITED STATES OF AMERICA,** | Judge Hodges |
| **Defendant.** | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AND AMENDED COMPLAINT

Pursuant to the Court's order dated July 12, 2006, Plaintiff Arizona Public Service Company ("APS") respectfully submits the following motion for leave to file a supplemental and amended complaint. The purposes of the supplemental and amended complaint are to make clear: (a) that in the current proceedings, APS will only be seeking to recover damages incurred through December 31, 2006, and (b) that APS maintains the right to pursue in subsequent proceedings damages incurred after December 31, 2006, pursuant to *Indiana Michigan Power Company v. United States*, 422 F.3d 1369, 1377 (Fed. Cir. 2005) and the authorities cited therein. The proposed supplemental and amended complaint is attached as Exhibit A.

## BACKGROUND

This is a spent nuclear fuel damages case. APS filed the original complaint in this action on December 18, 2003. In that original complaint, APS asserted claims for partial material breach of contract and breach of the contractual duty of good faith and fair dealing. APS noted that, pursuant to its contract with the United States Department of Energy ("DOE"), DOE was to commence accepting spent nuclear fuel and high level waste ("SNF") on or before January 31,

1998, and that the DOE breached the Standard Contract by failing to accept SNF as required. APS generally identified the nature of the damages it had incurred, and was continuing to incur, in connection with on-site storage. Complaint ¶ 44. In its original complaint APS did not limit the damages sought to any particular time period. APS alleged that it "has incurred, and will continue to incur, significant damages as a direct and proximate result of Defendant's partial material breach of the Standard Contract," Complaint ¶ 51, and that "[a]s a direct and proximate result of Defendant's partial material breach, plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial." Complaint ¶ 52.

In a decision in another spent nuclear fuel damages case that became final in December 2005, the United States Court of Appeals for the Federal Circuit ruled, in part, that "a claim for partial breach precludes an award of future damages." *Indiana Michigan*, 422 F.3d at 1375. Quoting the trial court with approval, the Federal Circuit observed that "'[i]f the breach is partial only, the injured party may recover damages for any nonperformance only to the time of trial and may not recover damages for anticipated future nonperformance.'" *Id.* (emphasis deleted). With regard to such future damages, the Federal Circuit held that a plaintiff can "obtain recovery for post-breach damages as they are incurred." *Id.*, 422 F.3d at 1376.

In a status report filed in July 2006, APS requested that the stay of the case be lifted, in large part due to the ruling in *Indiana Michigan*. By order dated July 12, 2006, the Court lifted the stay of proceedings, and provided that any amendment of pleadings be filed by December 29, 2006. July 12, 2006 Order. The Court also provided that APS would produce its damages schedules, detailing the costs sought in this proceeding, on February 28, 2007.

**DISCUSSION**

APS is agreeable to limiting the time period for which damages will be sought in the present proceedings to the period prior to December 31, 2006, conditioned upon the right to pursue damages incurred after that date in future proceedings. The government has taken the position in other cases that, pursuant to *Indiana Michigan*, damages may only be sought up to the time of the filing of complaint. Under the government's view and as matters now stand, any damages incurred by APS after December 18, 2003 would therefore be unrecoverable in the current proceedings. As noted, in the present proceedings APS desires to recover damages incurred through December 31, 2006. While APS does not necessarily agree with the government's interpretation of *Indiana Michigan* in this regard, any substantive issues or potential disputes concerning such matters are easily curable—APS hereby requests leave to file a supplemental and amended complaint, which will allow recovery of the damages incurred through December 31, 2006, even under the government's view.

The specific new allegations in the proposed amended and supplemental complaint are contained in three paragraphs and the prayer for relief. A revised Paragraph 44 makes clear that costs associated with the described activities incurred on or before December 31, 2006 (including those from December 18, 2003 until December 31, 2006) are presently being sought, with recovery of subsequent costs reserved for future proceedings. Paragraphs 52 and 57, and the prayer for relief, similarly make clear the time period for which damages are presently being sought, and APS's reservation of rights to pursue subsequent damages in future proceedings.

It is well settled that "[a] supplemental pleading . . . may set forth new facts in order to update the earlier pleading, or change the amount or nature of the relief requested in the original pleading." 6A Charles Alan Wright, et al., *Federal Practice & Procedure* § 1504, at 177-78 (2d ed. 1990); *see also Intrepid v. Pollock*, 907 F.2d 1125 (Fed. Cir. 1990). Rule 15(d) itself

provides that a supplemental complaint may set forth "occurrences or events which have happened since the date of the pleading sought to be amended." APS's proposed supplemental and amended complaint changes the amount and nature of the relief requested (by limiting presently-sought damages to those incurred prior to December 31, 2006), and sets forth occurrences or events which have happened since the date of the pleading sought to be amended (*i.e.,* the continued occurrence of damages after the filing of the original complaint). The supplemental and amended complaint therefore falls squarely within the circumstances contemplated by RCFC 15(d).

The critical corollary, or course, is that APS receive assurance that the significant damages it is has incurred and will continue to incur after December 31, 2006 be recoverable in subsequent proceedings, and not be subject to some sort of bar or argued merger defense. The Federal Circuit specifically addressed such matters in *Indiana Michigan*, and it is now settled that APS will be able to "obtain recovery for post-breach damages as they are incurred." *Indiana Michigan*, 422 F.3d at 1376 ("We agree with the exceptions to the rules of merger and bar set out in Restatement (Second) of Judgments, §§ 26(1)(b) and (e)."). Accordingly, APS requests that the Court confirm, pursuant to *Indiana Michigan* and the Restatement (Second) of Judgments, §§ 26(1)(b) and (e), that APS has reserved its right to maintain subsequent actions for damages incurred after December 31, 2006.

## CONCLUSION

For the reasons stated above, APS requests that leave be granted for the filing of the proposed supplemental and amended complaint, pursuant to RCFC 15(a) and (d).

Respectfully submitted,

s/ Brad Fagg

Brad Fagg
MORGAN, LEWIS & BOCKIUS, LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739-5191 – telephone
(202) 739-3001 – facsimile

Of Counsel:
Paul M. Bessette
MORGAN, LEWIS & BOCKIUS, LLP

Attorneys for Plaintiff
Arizona Public Service Company

December 29, 2006

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 29th day of December, 2006, the foregoing was filed with the Court electronically, and service is thereby deemed to have been made upon all counsel of record.

s/ Paul Bessette

1-WA/2671508.1