# In the United States Court of Federal Claims

* * * * * * * *

ARIZONA PUBLIC SERVICE COMPANY, *

Plaintiff, * No. 03-2832C

v. * Filed: February 6, 2007

UNITED STATES OF AMERICA, *

Defendant. *

* * * * * * * *

**ORDER**

This is one of many cases pending in this court that involve contracts between the Department of Energy and operators of nuclear electric utility plants for the disposal of spent nuclear fuel. Plaintiff Arizona Public Service Company moved for leave to file a supplemental and first amended complaint on December 29, 2006.

United States Court of Federal Claims Rule 15(a) states that "leave [to amend] shall be freely given when justice so requires." Absent "any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant . . . the leave sought should, as the rules require, be 'freely given.'" Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Fed. R. Civ. P. 15(a), containing same language as this court's Rule 15(a)). Plaintiff's motion to amend its Complaint is appropriate under these standards. However, as plaintiff acknowledges, its purpose in seeking to amend and supplement is "to limit[] the time period for which damages will be sought in the present proceedings to the period prior to December 31, 2006, conditioned upon the right to pursue damages incurred after that date in future proceedings." Pl.'s Mot. at 3.

Rule 15(d) "permit[s] [a] party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." This court has granted requests such as plaintiff's in other spent nuclear fuel cases. See, e.g., Tenn. Valley Auth. v. United States, 69 Fed. Cl. 515, 523-24 (2006) ("[U]nder [Rules] 15(a), (b), and (d), . . . TVA has sought and pursued an amended and supplemental complaint alleging damages . . . ."); see also Pacific Gas & Elec. Co. v. United States, 709 Fed. Cl. 758, 764-54 (2006) (granting plaintiff leave to supplement claim

after commencement of the suit for those damages that would not prejudice defendant). This court noted that "[t]he [G]overnment has never opposed the filing of supplemental or amended complaints when it doesn't prejudice the [G]overnment." Yankee Atomic Elec. Co. v. United States, 73 Fed. Cl. 249, 263 (2006).

The Government has not filed a response to plaintiff's request. Defendant's silence suggests it believes that supplementation of plaintiff's complaint is nonprejudicial and therefore appropriate under the circumstances. The discovery period does not close until December 20, 2007. See Arizona Public Serv. Co. v. United States, No. 03-2832C, Order (July 12, 2006). The parties and the court have yet to agree upon dates for trial. Defendant has sufficient time to examine those damages claimed by plaintiff through December 31, 2006 and the basis for them, and prepare its case for trial. Accordingly, plaintiff's motion for leave to file a first amended and supplemental complaint is GRANTED.

The Federal Circuit addressed plaintiff's concern that it retain "the right to pursue damages incurred after that date in future proceedings" in Indiana Michigan Power Co. v. United States, 422 F.3d 1369, 1377 (Fed. Cir. 2005). The Circuit concluded that a plaintiff "can . . . obtain recovery for post-breach damages as they are incurred." Id. The court relied upon "the exceptions to the rules of merger and bar set out in Restatement (Second) of Judgments, sections 26(1)(b) and (e)" in ruling that the plaintiff is not precluded from bringing lawsuits for future damages once those damages accrue. Id. at 1376.

Future lawsuits, however, are subject to the six-year statute of limitations for filing claims in this court. See 28 U.S.C. § 2501; Indiana Michigan, 422 F.3d at 1377. In the case of continuing contractual obligations such as those in the spent nuclear fuel cases, "subsequent claims for future damages are considered to accrue for statute of limitations purposes at the time such damages are incurred. Accordingly, [plaintiff] must bring any future actions for damages" related to the breach of contract by the Department of Energy within six years of incurring such damages. Indiana Michigan, 422 F.3d at 1377.

SO ORDERED.

s/ Robert H. Hodges, Jr.
Robert H. Hodges, Jr.
Judge