IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| ARIZONA PUBLIC SERVICE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-2832C |
| | ) | (Judge Hodges) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER TO PLAINTIFF'S
FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

For its answer to plaintiff's first amended and supplemental complaint, defendant admits, denies, and alleges as follows:

1. The allegations contained in the first sentence of paragraph 1 constitute conclusions of law and plaintiff's characterization of this action to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 1. Denies the allegations contained in the fourth sentence of paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegations contained in the fifth sentence of paragraph 1 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the fifth sentence of paragraph 1.

2. The allegations contained in the first sentence of paragraph 2 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. The allegations contained in paragraph 4 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

5. The allegations contained in paragraph 5 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

6. The allegations contained in paragraph 6 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

7. The allegations contained in paragraph 7 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first sentence of paragraph 8 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 8. The allegations contained in the second sentence of paragraph 8 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Denies the allegations contained in paragraph 10 for lack of knowledge or information sufficient to form a belief as to their truth.

11. Admits.

12. The allegations contained in the first sentence of paragraph 12 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 12 to the extent supported by the licenses cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 12.

13. Admits the allegations contained in the first and second sentences of paragraph 13. Denies the allegations contained in the third sentence of paragraph 13 for lack of information or knowledge sufficient to form a belief as to their truth; avers that the phrase "indefinite period" is undefined.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

15. Denies the allegations contained in the first sentence of paragraph 15 to the extent that they indicate that the Government, alone and without negotiation with the nuclear industry, developed the Standard Contract published at 10 C.F.R. § 961.11; admits that the Department of Energy and nuclear utility representatives developed the Standard Contract; otherwise denies the allegations contained in the first sentence of paragraph 15. Admits the allegations contained in the second sentence of paragraph 15 to the extent supported by the contract cited, which is the

best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 15. The allegations contained in the third sentence of paragraph 15 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

16. Admits the allegations contained in the first sentence of paragraph 16 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 16. The allegations contained in the second sentence of paragraph 16 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in paragraph 17 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 17.

18. Admits the allegations contained in paragraph 18 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained paragraph 18.

19. Denies the allegations contained in paragraph 19 for lack of information or knowledge sufficient to form a belief as to their truth; avers that fees are due only from entities that are a party to the Standard Contract.

20. Denies the allegations contained in paragraph 20 for lack of knowledge sufficient to form a belief as to their truth; avers that the plaintiff, as the party to the Standard Contract, is the entity responsible for payment of any and all fees.

21. Admits the allegations contained in paragraph 21 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 21.

22. Admits the allegations contained in paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 22.

23. The allegations contained in paragraph 23 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

24. Denies.

25. Admits the allegations contained in paragraph 25 to the extent supported by the joint letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 25.

26. Admits the allegations contained in paragraph 26 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the Federal Register notice cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 to the extent supported by the court filing and decision cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 28.

29. Admits the allegations contained in paragraph 29 to the extent supported by the letter cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the petition cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in paragraph 31 to the extent supported by the preliminary determination cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 31.

32. Admits the allegations contained in paragraph 32 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 32.

33. Admits the allegations contained in paragraph 33 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 33.

34. Admits the allegations contained in paragraph 34 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. Admits the allegations contained in paragraph 36 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 36.

37. Admits the allegation contained in paragraph 37 that the Department of Energy did not begin accepting spent nuclear fuel pursuant to the Standard Contract on January 31, 1998; the remainder of the allegations contained in paragraph 37 constitute plaintiff's characterization of its case to which no response is required; to the extent that they constitute allegations of fact, they are denied.

38. Admits.

39. Admits the allegations contained in paragraph 39 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the court decision cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the court decisions cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 41.

42. The allegations contained in paragraph 42 constitute plaintiff's characterization of its case to which no response is required; to the extent that they constitute allegations of fact, defendant asserts that the Department of Energy has announced that it intends to begin

acceptance of spent nuclear fuel from Standard Contract holders by 2017; defendant otherwise denies the allegations contained in paragraph 42.

43. The allegations contained in the first sentence of paragraph 43 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they constitute allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 43.

44. The allegations contained in paragraph 44 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

45. Defendant's responses to paragraphs 1 through 44 of the complaint are incorporated by reference.

46. The allegations contained in paragraph 46 constitute conclusions of law to which no response is required; to the extent that they constitute allegations of fact, they are denied.

47. Admits the allegations contained in paragraph 47 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 47.

48. The allegations contained in paragraph 48 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

49. Admits the allegation contained in paragraph 49 that defendant "has not accepted any SNF from the PVNGS" pursuant to the Standard Contract; admits the allegation contained in paragraph 49 that defendant "has an unconditional obligation to commence accepting SNF by

January 31, 1998," to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. The allegations contained in paragraph 50 constitute conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

51. The allegations contained in paragraph 51 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

52. The allegations contained in paragraph 52 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

53. Defendant's responses to paragraphs 1 through 52 of the complaint are incorporated by reference.

54. The allegations contained in paragraph 54 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

55. The allegations contained in paragraph 55 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

56. The allegations contained in paragraph 56 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied; defendant avers that the Department of

Energy has not accepted any commercial spent nuclear fuel and/or high-level radioactive waste under the auspices of the Nuclear Waste Policy Act, 42 U.S.C. §§ 10101-10270.

57. The allegations contained in paragraph 57 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

58. Defendant's responses to paragraphs 1 through 57 of the complaint are incorporated by reference.

59. Admits the allegations contained in paragraph 59 to the extent supported by the Standard Contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 59.

60. The allegations contained in paragraph 60 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

61. The allegations contained in paragraph 61 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

62. The allegations contained in paragraph 62 constitute conclusions of law and plaintiff's characterization of its case to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

63. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 62, or to any relief whatsoever.

64. Denies each and every allegation not previously admitted or otherwise qualified.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ Jeanne E. Davidson
JEANNE E. DAVIDSON
Acting Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0478
Fax: (202) 307-2503

Attorneys for Defendant

OF COUNSEL:

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy
1000 Independence Avenue, S.W.
Washington, D.C. 20585

February 26, 2007

CERTIFICATE OF FILING

I hereby certify that on this 26th day of February 2007, a copy of foregoing "DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.